# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Kevin Betts # N74536, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05 C 565 |
| | ) | |
| Officer Wainscott, et al., | ) | Judge William J. Hibbler |
| | ) | |
|       Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Kevin Betts, currently an inmate at Menard Correctional Center, and formerly at Stateville Correctional Center ("Stateville"), brought this *pro se* civil rights action pursuant to 42 U.S.C.§ 1983. He claims that the defendants, various officials at Stateville, violated his constitutional rights by placing him in administrative segregation without prior notice of the charges against him, by providing unconstitutional living conditions in two different cells, and by conspiring against him. All other claims were dismissed by the court on June 3, 2005. Defendants have filed a motion to dismiss these remaining claims; Plaintiff has responded and defendants have replied. For the reasons stated in this order, the motion is granted.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 8(a)(2), a complaint need only contain " a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the Plaintiff need only allege "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F. 3d 437, 439 (7th Cir. 2002); *Lekas v. Briley*, 405 F.

3d 602, 606 (7th Cir. 2005). In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). "A complaint should be dismissed for failure to state a claim only if no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter*, 224 F. 3d 607, 612 (7th Cir. 2000)(internal quotations omitted). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439-40 (7th Cir.1994). Furthermore, the court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Henson v. CSC Credit Services*, 29 F. 3d 280, 284 (7th Cir. 1994).

## Background

Pursuant to this court's order of June 3, 2005, Defendants Briley, Wainscott and Hill are the only defendants who remain in the case. These defendants are, respectively, the Warden of Stateville, an Internal Affairs Officer at Stateville, and a grievance officer. The only remaining

2

claims against them are as follows: 1) Plaintiff alleges that, as a result of the actions of defendants Wainscott and Hill, he was placed in administrative segregation and held there for forty days prior to having notice of the charges against him; 2) as a result of the actions of defendant Briley, he was kept in two different cells, the first one was covered in feces, urine and dried blood (and also contained a vial of blood on the radiator in the cell), where Plaintiff had to sleep on the steel frame without a mattress, and he was housed there for three days; and the second one had no light, electricity or water, and he was kept there for two weeks; 3) defendants conspired against him to deprive him of his rights, in both the 14th amendment due process claim and the 8th amendment cell conditions claim.

Additionally, in his verified response to defendants' motion to dismiss, he claims, *inter alia,* that he should not have to allege physical injury, that the Prison Litigation Reform Act is unconstitutional, and that reading in the dark , while in the cell without electricity, caused him eye strain and headaches.

## DISCUSSION

1) The due process violation

Plaintiff claims that being placed in administrative segregation prior to having notice of the charges against him is a violation of his due process rights under the 14th Amendment. However, as the Seventh Circuit explained in some detail, administrative segregation is something that inmates "should reasonably anticipate...at some point during their incarceration." *Lekas v. Briley,* 405 F. 3d 602, 609 (7th Cir. 2005), quoting *Meriwether v. Faulkner,* 821 F. 2d 408, 414 (7th Cir. 1987). Further, "reassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest." *Id.* Thus,

defendants have correctly argued that Plaintiff has no liberty interest in remaining in the general population, and therefore, is not entitled to notice and a hearing before being placed in administrative segregation. *Williams v. Ramos*, 71 F. 3d 1246, 1248 (7th Cir. 1995). Additionally, pursuant to *Sandin v. Conner*, 515 U. S. 472, 475 (1995), enforceable liberty interests arise only if the deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." The Seventh Circuit has repeatedly held that conditions in segregation at Stateville do not impose such atypical and significant conditions. *Lekas v. Briley*, 405 F. 3d 602, 608-610 (7th Cir. 2005). For these reasons, Plaintiff has failed to state a due process claim regarding his placement in administrative segregation prior to notice and a hearing.

2) Plaintiff conditions claims

    a) Deliberate indifference

        Defendants point out that Plaintiff has not alleged that these remaining defendants were deliberately indifferent to his safety. Those Defendants whom he claims put him in the segregation unit, Wainscott and Hill, he never alleges knew of the conditions. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Regarding Warden Briley, however, Plaintiff states in his complaint that he told an officer about the conditions, and that Warden Briley knew the cells were not cleaned. He does not state that the warden intentionally placed Plaintiff in the cells with the conditions he describes. But because the court reads these *pro se* pleadings liberally, it does not find as a matter of law that plaintiff failed to allege that defendant Briley was deliberately indifferent to Plaintiff's safety.

4

b) Conditions of the cells

Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 9, (1992), *Bell v. Wolfish*, 441 U.S. 520, 542 (1979). Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Plaintiff describes deplorable conditions in the two cells in which he was placed, one for three days and the other for two weeks. The court does not condone such conditions.

While it could be argued that the conditions were sufficiently grave, there are two additional factors not addressed by Plaintiff, either in his complaint or in his response. One is the length of time he was subject to these conditions. Prison conditions do not require constitutional scrutiny until there is a showing of "'genuine privations and hardship over an extended period of time." *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir.1985), quoting *Bell v. Wolfish*, 441 U.S. at 542; *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Unsanitary conditions, while regrettable, nevertheless do not constitute punishment in the constitutional sense. Further, Plaintiff does not allege any extraordinary circumstances related to his condition rising to the level of a constitutional violation. *Wilson v. Seiter*, 501 U.S. at 298-302 (1991). Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).

The other legal deficiency in his pleading is that he makes clear that he suffered emotional and mental damage but he states unequivocally, that he didn't suffer physical injury from these stints in these cells, and that he does not have to allege physical injury to state a claim.

5

This is incorrect. Pursuant to the Prison Litigation Reform Act ("PLRA") 42 U.S.C.§ 1997e(e): "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff's response to this requirement is that the PLRA is unconstitutional and forms an "iron curtain" between prisoners and their rights. He further now states that he suffered from eye strain and headaches when he was trying to read in the cell without electricity. Such an allegation, even if now read together with Plaintiff's complaint, is insufficient to meet the serious physical injury requirement in this type of conditions claim. This is a far cry from "gratuitous infliction of pain". *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

As Plaintiff's due process and 8th Amendment claims both fail, therefore, there can be no conspiracy claim either. A conspiracy is an agreement, and even with notice pleading, a complaint must give some indication of when an agreement was formed and what its terms were. A bare allegation of conspiracy not enough in a pleading. *Ryan v. Mary Immaculate Queen Center*, 188 F. 3d 857, 860 (7th Cir. 1999). This is a case of a bare allegation of conspiracy, and such an allegation does not satisfy Fed. R. Civ. P. 8. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir.1998); *Young v. Murphy*, 90 F.3d 1225, 1233 n. 5 (7th Cir.1996); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1580-81 (7th Cir.1991). Additionally, if no constitutional rights were violated, there can be no conspiracy to violate rights.

Finally, Plaintiff spends a great deal of time in his response rehashing issues which have been dismissed from the case, related to his grievances and personal property, and he again seeks to amend his complaint. The court's orders of June 3, and August 24, 2005, addressing all of these claims, stand. Because Plaintiff failed to state a claim for relief on these claims, the issue

of qualified immunity does not arise. In addition, because the law on all of these claims was clearly established, defendants' assertion of a qualified immunity claim is misplaced.

## CONCLUSION

It is therefore ordered that the defendants' motion to dismiss is granted [21]. This case is dismissed for failure to state a claim upon which relief may be granted. This dismissal constitutes a strike against the Plaintiff pursuant to 28 U.S.C.§ 1915(g). Any pending motions are denied as moot. The case is terminated.

ENTER:

William J. Hibbler
UNITED STATES DISTRICT COURT

DATED: 10/24/05